IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv163

ROGERS TOWNSEND & THOMAS, PC.,   )
Substitute Trustee,              )
                                 )
           Plaintiff,            )
                                 )
     vs.                         )
                                 )
CANDICE BOEHM,                   )
                                 )
           Defendant.            )
_____)

## ORDER OF REMAND

**THIS MATTER** is before the Court on the Notice of Removal filed by the Defendant Candice Boehm [Doc. 1].

## PROCEDURAL HISTORY

On June 29, 2012, the Defendant Candice Boehm (Boehm) filed a Notice of Removal in this Court. [Doc. 1]. The underlying state court action is for the foreclosure upon a deed of trust wherein a parcel of real estate had been pledged as collateral for a loan.[1] [Doc. 1-2]. The Notice of Hearing on

---

[1]That action is captioned: In the Matter of the Foreclosure by Rogers, Townsend & Thomas, PC, Substitute Trustee, of a Deed of Trust Executed by Candice Boehm, dated August 3, 2006, and recorded on August 8, 2006 in Book No. 4265, at Page 1760

1

Foreclosure of Deed of Trust contains a date for the hearing of July 23, 2012. [Id.]. The Substitute Trustee identified in the Notice is John Fetner, an attorney with the law firm of Rogers, Townsend & Thomas, PC with an address located in Charlotte, North Carolina. [Doc. 1-2 at 3]. The real property secured by the Deed of Trust is located at 14 Candyland Court, Candler, North Carolina. [Id.; Doc. 1]. Boehm has listed this as her home address for purposes of this lawsuit. [Id.]. Boehm has admitted that she was served with the Notice of Hearing on June 11, 2012. [Id. at 1].

In the Notice of Removal, Boehm claims that jurisdiction in this Court is based on diversity jurisdiction, contending that Rogers, Townsend & Rogers, PC, (Plaintiff) is a South Carolina corporation. [Id. at 2]. She also claims that the Plaintiff sued her in the state court action for causes of action related to federal question jurisdiction. [Id. at 3]. The documents attached to the Notice of Removal, however, relate only to a state court foreclosure action. Finally, Boehm claims that it is possible that federal causes of action could be asserted in this action. [Id.].

For the reasons stated below, no response from the Substitute Trustee is necessary and this action must be remanded.

---

of the Buncombe County Public Registry, Case No. 12-SP-0663. [Doc. 1-2 at 1; Doc. 1 at 1].

## STANDARD OF REVIEW

Section 1441 of Title 28 provides that any civil action brought in a state court of which United States district courts have original jurisdiction may be removed to the appropriate federal court. "If at any time before final judgment it appears that the district court [to which the case was removed] lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. §1447(d).

## DISCUSSION

The propriety of removal is determined at the time the notice of removal is filed. Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993); Wickline v. Dutch Run-Mays Draft, LLC, 606 F.Supp.2d 633, 635 (S.D.W.Va. 2009). In this case, the Notice of Removal was filed on June 29, 2012. [Doc. 1].

"Pursuant to North Carolina law, a foreclosure action is initiated by the filing of a notice of hearing rather than a complaint and summons." In re Naef, 2010 WL 5058383 **2 (E.D.N.C. 2010) (citing N.C. Gen. Stat. §45-21.16). Removal is inappropriate unless the state court complaint, or, in this case the notice of hearing, presents either federal question or diversity jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d

318 (1987). District courts have an independent obligation to address subject matter jurisdiction *sua sponte*. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "Federal courts construe removal statutes strictly, guarding against expansion of removal jurisdiction by judicial interpretation, and resolving all doubts about the propriety of removal in favor of retaining state court jurisdiction." CAP of MB, Inc. v. Champion Rock Products, Inc., 111 F.Supp.2d 728, 731 (D.S.C. 2000). Such is the case here.

The existence of federal question jurisdiction is determined from the state court complaint, which in this case is the Notice of Hearing in the foreclosure proceeding. Caterpillar, 481 U.S. at 392; McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C. 2008) (nothing in a state foreclosure action of real property suggests a federal question). "No question of federal law is implicated by the properly pleaded notice of foreclosure. Thus, federal [question] jurisdiction does not exist." In re Naef, 2010 WL 5058383 **3; City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C.), affirmed 2009 WL 5647194 (M.D.N.C.), appeal dismissed 362 F. App'x. 369 (4th Cir. 2010) (foreclosure actions brought pursuant to state law do not give rise to federal question subject matter jurisdiction); McNeely, 2008


4

WL 4166328. The "foreclosure action and later eviction proceedings could not have been brought in this court." Cranberry Financial, LLC v. Center of Love Mission Church, 2010 WL 5353361 **2 (E.D.N.C. 2011). Despite Boehm's assertion that federal causes of action *may* exist, "actions in which defendant[] merely claim[s] a substantive federal defense to a state-law claim do not raise a federal question." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir.), cert. denied 549 U.S. 1260, 127 S.Ct. 1381, 167 L.Ed.2d 174 (2007).

Boehm also claims that diversity jurisdiction exists because the Plaintiff is a South Carolina corporation. [Doc. 1]. The state court pleadings, however, show that the Substitute Trustee is John Fetner, an attorney licensed and residing in North Carolina, who is employed by Rogers, Townsend & Thomas, PC with a Charlotte, North Carolina address. [Doc. 1-2 at 5]. Both the Substitute Trustee and Boehm are residents of North Carolina and Boehm has placed nothing in the record showing otherwise. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999) (party asserting jurisdiction has the burden of proving subject matter jurisdiction); In re Naef, 2010 WL 5058383 (E.D.N.C. 2010) (because the party being foreclosed and the substitute trustee are residents of North Carolina, foreclosure action may not be removed); In re Foreclosure by David A. Simpson, P.C., 2010 WL 1838181

(W.D.N.C. 2010).

"Even if the court were to ignore the citizenship of the substitute trustee[], ... removal is not allowed in this case. An action is not removable if one or more defendants is a citizen of the state in which the action was brought." In re Naef, 2010 WL 5058383 **4; 28 U.S.C. §1441(b).

Moreover, even if diversity jurisdiction had been shown, federal courts do not interfere in state court foreclosure proceedings. Brumby v. Deutsche Bank Nat. Trust Co., 2010 WL 617368 (M.D.N.C. 2010) (declining to issue restraining order regarding state foreclosure action). "Congress has vested only the Supreme Court with jurisdiction to review state court decisions." Wilson v. Federal Nat. Mortg. Ass'n., 2012 WL 1659138 (W.D.N.C.) (citing 28 U.S.C. §1257). Boehm seeks a review by this Court of a state court decision, review which is barred by the Rooker-Feldman doctrine which prohibits lower federal courts from in essence exercising appellate jurisdiction over state court judgments.[2] Id. (citing Adkins v. Rumsfeld, 464 F.3d 456, 463-64 (4th Cir.), cert. denied 551 U.S. 1130, 127 S.Ct. 2972, 168 L.Ed.2d 702 (2007)) (other citations omitted). In order to grant Boehm relief in this action, this

---

[2]The Rooker-Feldman doctrine is derived from the United States Supreme Court's decisions in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

6

Court would be obliged to conduct a "direct review of the state court decision." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 201 (4th Cir. 2000). "In the context of a state court foreclosure proceeding, Rooker-Feldman prohibits claims brought in federal court that may succeed only to the extent that the state court wrongly decided the foreclosure action." Poindexter v. Wells Fargo Bank, N.A., 2010 WL 3023895 **2 (W.D.N.C. 2010) (internal quotation and citation omitted). Federal courts should refrain from interfering in state court foreclosure proceedings. Id.; MacFadyen v. Smith, 2011 WL 1740583 (D.Md. 2011); Arnold v. Waterfield Mortgage Co., 966 F.Supp. 387, 389 (D.Md.), affirmed 116 F.3d 472 (4th Cir. 1997). Moreover, "the Rooker-Feldman doctrine is particularly relevant when there is a means of appeal provided by the states." Radisi v. HSBC Bank USA, Nat. Ass'n, 2012 WL 2155052 (W.D.N.C. 2012). Chapter 45 of the North Carolina General Statutes provides for an appeal process in foreclosure proceedings and Boehm has not availed herself of those procedures. Id. (citing N.C. Gen. Stat. §45-21.16); Poindexter, 2010 WL 3023895; Bey *ex rel.* Ervin v. Pettis, 2010 WL 2812851 (W.D.N.C. 2010). In summary, this action must be remanded to state court.

7

**ORDER**

**IT IS, THEREFORE, ORDERED** that the state court foreclosure proceeding is hereby **REMANDED** to the General Court of Justice for Buncombe County and this action is therefore **DISMISSED** with prejudice.

Signed: August 1, 2012

Martin Reidinger
United States District Judge